UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ORLANDOR J. BRANCH, SR., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:11-CV-353 JD |
| CHRISTY A. SHORT, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Orlandor J. Branch, Sr., a *pro se* plaintiff, filed a Complaint pursuant to 42 U.S.C. § 1983 [DE 1] and an Application to Proceed Without Prepaying Fees or Costs (*in forma pauperis*) [DE 2]. For the reasons set forth below, the Plaintiff's Application is DENIED, and the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Branch reports that he has no income of any kind.[1] Although Branch may satisfy the first inquiry, the Court's analysis does not end there.

In assessing whether a plaintiff may proceed *in forma pauperis*, the Court must look to the sufficiency of a complaint under 28 U.S.C. §1915(e)(2)(B). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard). For a complaint to survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949 (2009).

---

[1] The Court notes that Branch's *in forma pauperis* motion is more than a year old, as it is dated August 2010, and so it is unclear if the motion contains his current income information [DE 2]. As discussed herein, Branch cannot satisfy the second portion of the inquiry for obtaining *in forma pauperis* status, so the Court finds it unnecessary to require him to submit an updated motion.

Here, Branch is suing two prosecutors, two judges, and a public defender for their actions in a 2009 criminal case filed against him in St. Joseph County for stalking and intimidation [DE 1]. None of these claims can proceed. Branch cannot sue the state court judges, because they are entitled to absolute immunity for acts performed in their judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). This is true even if Branch believes the judges acted improperly in ruling on his motions and otherwise presiding over his case; Branch's remedy was "through appellate process," not a civil rights suit. *Id.* at 661. As for the prosecutors, Branch claims they improperly initiated charges against him and requested bond that was, in his view, too high [DE 1 at 3-4]. These claims are barred by prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Finally, as to the public defender, the Constitution only protects against actions by state actors, *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Aside from the legal insufficiency of Branch's claims, they are also barred by *res judicata*, as he raised these identical claims against the same five defendants in a lawsuit brought in 2010. *See Branch v. Short, et al.*, No. 3:10-CV-345 (N.D. Ind. filed Aug. 20, 2010). Under the doctrine of *res judicata*, a party is prohibited from relitigating a claim determined by a court of competent jurisdiction. *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279,

3

282 (7th Cir. 2008) (internal citations and quotation marks omitted). *Res judicata* was intended to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).Three requirements must be met for *res judicata* to apply: (1) an identity of the parties; (2) an identity of the claims; and (3) a final judgment on the merits. *Ross*, 486 F.3d at 283. Courts use a functional approach in determining whether two cases involve the same claims, and cases will be considered the same for *res judicata* purposes if they "arise out of the same transaction" or share a "common core of operative fact." *Id.* If this standard is met, any claims that were or could have been raised in the prior action are barred. *Id.*; *Highway J Citizens Group v. U.S. Dep't Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

All three requirements are met here. There is an identity of the parties since the plaintiff and defendants are identical in both cases. A comparison of the two complaints indicates that Branch raised the same claims against the defendants based on their actions in his 2009 criminal case.[2] *See Branch*, No. 3:10-CV-345, DE 1. There was also a final judgment on the merits. The case was dismissed as legally deficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on September 8, 2010, and Branch did not appeal the judgment. *Id.*, DE 4. Accordingly, this lawsuit is barred by *res judicata*.

---

[2] Strangely, the complaint filed in this case is dated August 2010 [DE 1 at 6], which is the same time period Branch filed the earlier case. However, the two complaints are on different forms and are not otherwise identical, although they recount many of the same facts and allege the same claims against the defendants.

4

Furthermore, because Branch already unsuccessfully sued these same defendants based on the same set of facts, it was malicious for him to file this duplicative lawsuit while seeking *in forma pauperis* status. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of the *in forma pauperis* statute if it is intended to harass the defendant or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit). Additionally, Branch left blank the section marked "Previous Lawsuits," failing to disclose that he unsuccessfully brought these same claims against these same defendants last year [DE 1 at 4]. Such actions constitute an abuse of the judicial process. If Branch persists in attempting to litigate these same claims or otherwise files false or misleading court documents in the future, he risks the imposition of monetary sanctions and/or filing restrictions.

## CONCLUSION

For these reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepaying Fees [DE 2], and **DISMISSES** the Complaint [DE 1] pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED: September 7, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court